United States Court of Appeals,

Eleventh Circuit.

No. 96-5468.

UNITED STATES of America, Plaintiff-Appellee.

v.

Horace FLENNORY, Defendant-Appellant.

July 8, 1998.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-615-CR-JAL), Joan A. Lenard, Judge.

Before EDMONDSON and BARKETT, Circuit Judges, and ALARCÓN[*], Senior Circuit Judge.

ALARCÓN, Senior Circuit Judge:

Defendant Horace Flennory ("Flennory") appeals his sentence of 106 months. In a five-count indictment, Flennory was charged with 1) two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Counts One and Two); 2) possessing an unregistered short barrel shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count Three); 3) possessing a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count Four); and 4) carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)[1]

---

[*]Honorable Arthur L. Alarcón, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

[1]18 U.S.C. § 924(c) provides in pertinent part:

> (c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of the subsection, nor shall the term of imprisonment imposed under this subsection run

(Count Five). Count Five of the indictment specifically identified the drug trafficking crime alleged in Count Four as the underlying offense for this violation. Flennory pled guilty to the charge of being a felon in possession of a firearm as alleged in Count One and to the charge of carrying a firearm during and in relation to a drug trafficking crime as alleged in Count Five.

Flennory challenges the sentence imposed by the court for violating § 922(g).[2] He contends that the enhancement of his sentence for this offense constitutes double counting in violation of the limitation imposed by United States Sentencing Guidelines ("USSG") § 2K2.4, application note 2. He also argues that the sentence enhancement for Count One was improperly calculated based on an incorrect amount of drugs because 1) the firearm found in Flennory's vehicle after his arrest was not present at the site where 8.2 grams of crack cocaine were recovered; and 2) Flennory's vehicle contained only .9 grams of crack cocaine.

We affirm because we conclude that the enhancement of the sentence imposed for Flennory's violation of § 922(g) does not conflict with the language in USSG § 2K2.4, application note 2. We also conclude that the amount of drugs used to calculate the enhancement was proper.

---

concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

[2]18 U.S.C. § 922(g) provides in pertinent part:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ...

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2

On April 14, 1995, detectives from the Metro-Dade Police Department, Miami, Florida, investigated an anonymous call alleging the sale of narcotics in the area of Northwest 76th Street and 17th Avenue in Miami. The officers observed Flennory park his car, wait fifteen minutes, and then get out of the car and cross the street to a vacant lot. The officers saw a woman approach Flennory in the vacant lot. Flennory bent down to retrieve an item from the dirt and handed it to the woman, who gave him what appeared to be money. After two more drug sales, the officers observed Flennory bury a small container in the vacant lot.

After calling for assistance, one of the officers retrieved the small container, which Flennory had buried. It contained fifty-four rocks of crack cocaine packaged in ziplock bags. The crack cocaine weighed a total of 8.2 grams. Flennory was then arrested. He consented to a search of his vehicle and his home. In his vehicle, detectives found .9 grams of crack cocaine in a small container like the one recovered from the vacant lot and a .32 caliber automatic Derringer pistol. At Flennory's residence, detectives found other weapons and several thousand dollars hidden in different locations.

Flennory was charged in a five-count indictment. He pled guilty to violating § 922(g), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and § 924(c), carrying a firearm during and in relation to the drug trafficking offense set forth in Count Four. The remaining offenses were dismissed as part of the plea agreement. The probation officer who prepared the pre-sentencing investigation report ("PSR") pointed out that a consecutive 60 months is mandated for a violation of § 924(c) by the statute and USSG § 2K2.4(a).

The probation officer recommended an offense level of 23 for the § 922(g) offense, which would result in a guideline sentence of 46-57 months. USSG § 2K2.1(a)(6) imposes a base offense level of 14 for a § 922(g) violation when the defendant is a felon. The probation officer determined that the specific offense characteristic in § 2K2.1(b)(5) would apply to enhance the sentence by 4 levels to level 18.[3] The probation officer then concluded that USSG § 2K2.1(c)(1)(A) would apply if its application resulted in a greater sentence than the subsection (b)(5) enhancement.[4]

Section 2K2.1(c)(1)(A) refers to USSG § 2X1.1. Section 2X1.1(c)(1) provides that if an offense is expressly covered by another offense guideline, that guideline should be applied.[5] The

---

[3]Section 2K2.1 of the USSG covers unlawful possession of firearms. Section 2K2.1(b)(5) provides in pertinent part:

> (b) Specific Offense Characteristics
>
> .....
>
>> (5) If the defendant used or possessed any firearm or ammunition in connection with another felony offense ... increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

[4]USSG § 2K2.1(c)(1)(A) provides in pertinent part:

> (c) Cross Reference
>
>> (1) If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, ... apply—
>>
>> (A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above;

[5]USSG § 2X1.1(c)(1) provides:

> (1) When an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section.

4

probation officer determined that the relevant offense was possession of narcotics with intent to distribute, an offense expressly covered by USSG § 2D1.1. Application of USSG § 2D1.1 directs one to a drug quantity table to calculate the offense level based on the amount of drugs involved. The probation officer applied the drug table in § 2D1.1(c) based on the entire amount of crack cocaine recovered from Flennory, including the amount in the small container recovered from the vacant lot. This led to an offense level of 26. *See* USSG § 2D1.1(c)(7) (applying an offense level of 26 for "At least 5 G but less than 20 G of Cocaine Base"). This offense level was then reduced to 23 because Flennory timely accepted responsibility and informed authorities early of his intent to enter a plea.

Flennory filed objections to the recommendations contained in the PSR. He objected to the computation of the offense level arguing that 1) the .9 grams of crack cocaine found in the car is the proper amount to use in calculating the offense level under USSG § 2D1.1(c), not the entire amount of drugs recovered, and 2) application of USSG § 2K2.1(c)(1)(A) resulted in impermissible double counting because possession of a firearm in connection with a drug offense is addressed by the mandatory sentence required by § 924(c). The district court imposed a sentence of 46 months for Count One and 60 months for Count Five. Flennory filed a timely appeal.

## II

## DOUBLE COUNTING

Flennory argues that the trial court's 12-point enhancement of his sentence imposed for the violation alleged in Count One, possession of a firearm, was double counting because he also received an additional five-year sentence for possessing a firearm in violation of § 924(c). We review the district court's interpretation of the sentencing guidelines de novo. *United States v.*

*Gilbert,* 138 F.3d 1371 (11th Cir.1998).  We review the district court's findings of fact for clear error.  *United States v. Young,* 115 F.3d 834, 836 (11th Cir.1997).

Flennory points to the guideline section that applies to § 924(c) to support this contention. For an initial violation, § 924(c) mandates a five-year sentence for a person who uses or carries a firearm during or in relation to a crime of violence or a drug trafficking offense.  18 U.S.C. § 924(c)(1).  The guideline section for this offense is USSG § 2K2.4. Section 2K2.4(a) indicates that the appropriate sentence "is that required by statute."  Application note 2 for § 2K2.4 prohibits the application of any specific offense characteristic "for the possession, use, or discharge of an explosive or firearm" for an underlying offense.[6]

The enhancement Flennory disputes was imposed by the district court pursuant to USSG § 2K2.1(c)(1).  This is a "Cross Reference" subsection.  It refers to other parts of the guidelines for the calculation of a sentence.  *See* USSG § 1B1.5. USSG § 2K2.1(c)(1) refers to USSG § 2X1.1, which in turn refers to the guideline section for the specific offense.  In this case, the probation officer in the PSR determined that USSG § 2D1.1 would apply because the "other offense" was drug trafficking in violation of § 841(a)(1).[7]  Thus, the enhancement in section 2K2.1(c)(1) ultimately

---

[6]USSG § 2K2.4, application note 2, provides in pertinent part:

> Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm ... is not to be applied in respect to the guideline for the underlying offense.

[7]USSG § 2D1.1 addresses offenses involving drugs, including trafficking.  This section of the guidelines provides in pertinent part:

> (a) Base Offense Level (Apply the greatest):  ...

> (3) the offense level specified in the Drug Quantity Table set forth in

focused on Flennory's drug trafficking activities. Flennory argues that this sentence enhancement constitutes double counting because using a firearm in relation to a drug trafficking offense is specifically addressed by § 924(c)(1) for which a mandatory five-year sentence was imposed.

The record does not support Flennory's argument. Section 924(c)(1) imposes a mandatory five-year sentence for using or carrying a firearm "in relation to any *crime of violence or drug trafficking crime*." 18 U.S.C. § 924(c)(1) (emphasis added). Count Five of the indictment expressly alleged the drug trafficking charged in Count Four as the underlying offense.[8] We note also that possession of a firearm by a felon is not a "crime of violence" as that term is used in § 924(c)(3). *See United States v. Canon,* 993 F.2d 1439, 1441 (9th Cir.1993) (holding that "possession of a firearm by a felon is not a "crime of violence' under § 924(c)"). The plea agreement gave no indication that the violation for being a felon in possession of a firearm was the predicate offense for the violation of § 924(c)(1). *See United States v. Hill,* 971 F.2d 1461, 1464-65 (10th Cir.1992)

---

subsection (c) below.

Subsection (c) of this section provides base offense levels according to the amount and type of drugs involved.

[8]The indictment provides in pertinent part:

*COUNT V*

On or about April 14, 1995, at Miami, Dade County, in the Southern District of Florida, the defendant, HORACE FLENNORY, did knowingly use and carry a firearm, that is, a Davis .32 caliber derringer pistol, during and in relation to a drug trafficking crime which is a felony prosecutable in a court of the United States, that is, *a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count IV of this Indictment;* all in violation of Title 18, United States Code, section 924(c). Flennory Indictment, Case No. 95-0615, Aug. 11, 1995 at 3 (emphasis added).

7

(holding that a defendant need not be convicted for or even charged with an underlying offense to sustain a conviction under § 924(c)(1) because § 924(c)(1) is a distinct substantive offense).

Flennory also relies on the Sixth Circuit's decision in *United States v. Vincent,* 20 F.3d 229 (6th Cir.1994), to support his contention that a § 922(g) violation may constitute "an underlying offense" for purposes of USSG § 2K2.4, application note 2. In *Vincent,* the defendant was convicted of violating § 922(g) and § 924(c). *Id.* at 232. The Sixth Circuit held that the term "underlying offense" should be interpreted broadly to include a violation of § 922(g). *Id.* at 241. It concluded that applying the specific offense characteristics in USSG §§ 2K2.1(b)(1) (increasing offense level in accordance with number of firearms) and 2K2.1(b)(5) (increasing offense level by 4 levels for use of firearm in connection with another felony offense) was precluded by USSG § 2K2.4. *Id.*

Flennory's reliance on *Vincent* is contrary to the law of this circuit. In *United States v. Paredes,* 139 F.3d 840 (11th Cir.1998), the defendant was convicted of seven counts including convictions for robbery and violating § 922(g) and § 924(c).[9] *Id.* at 841-42. The trial court grouped the robbery convictions with the felon in possession conviction pursuant to USSG § 3D1.2 and used the § 922(g) offense as the basis of defendant's punishment. *Id.* at 845. Accordingly, the trial court

---

[9]On April 29, 1998, subsequent to oral arguments and submission of this matter, the Government filed a Notice of Supplemental Authority citing this court's decision in *Paredes.* On May 4, 1998, Flennory's counsel filed a Response to the Notice of Supplemental Authority noting that "the government *expressly conceded* in oral argument that the § 922(g) felon-in-possession charge was, in fact, an "underlying offense' within the meaning of application note 2 of U.S.S.G. § 2K2.4." We are not bound by the Government's concession at oral argument. *See Hunter v. United States,* 101 F.3d 1565, 1574 (11th Cir.1996) (declining to accept Government's concession because "past experience has taught ... that on occasion the government's position on criminal law issues is fluid"). Additionally, when the Government conceded this legal issue it was unaware that this court had filed its decision in *Paredes* the previous day. We seriously doubt that if counsel for the Government had been aware of contrary authority within this circuit she would have made this concession.

8

applied the specific offense characteristics in USSG §§ 2K2.1(b)(4) and (5). *Id.* The defendant

challenged this application on appeal as double counting in violation of § 2K2.4, comment. (n.2).

*Id.* at 845-46. The defendant in *Paredes* also relied on the Sixth Circuit's decision in *Vincent. Id.*

In *Paredes,* this court rejected the argument that it should adopt the holding in *Vincent* that

a § 922(g) violation was an underlying offense for a § 924(c) offense. *Id.* (citing *Vincent,* 20 F.3d

at 240-41). "We find persuasive the government's position that the "underlying offense' for purposes

of U.S.S.G. § 2K2.4, comment., application note 2, is the "crime of violence' or "drug trafficking

offense' that serves as the basis for the § 924(c) conviction." *Id.* at 846. In so concluding, this court

relied on the First Circuit's decision in *United States v. Sanders,* 982 F.2d 4 (1st Cir.1992). *Id.*

In *Sanders,* the appellant pled guilty to "(1) being a felon in possession of firearms, 18

U.S.C. § 922(g)(1), and (2) using or carrying a firearm during and in relation to a drug trafficking

crime, 18 U.S.C. § 924(c)(1)." *Sanders,* 982 F.2d at 4. Relying on the language in application note

2 of USSG § 2K2.4, the appellant argued that the enhancement of his sentence for being a felon in

possession was double counting because of the five-year sentence imposed for violating § 924(c)(1).

The court in *Sanders* rejected this argument, stating:

> This application note does not apply to defendant's count 1 (felon in possession) offense.
> First, it is unclear whether the felon in possession offense is an "underlying offense," within
> the meaning of application note 2, of the using or carrying a firearm during and in relation
> to a drug trafficking offense count. Rather, it is a drug trafficking offense which would most
> clearly be a relevant underlying offense. Defendant, however, has not been sentenced for
> the drug offense underlying the using or carrying of a firearm during and in relation to a drug
> trafficking offense, and hence no occasion arises to apply application note 2. (Had defendant
> been separately charged with the underlying drug offense, the application note would have
> directed that defendant's use of a weapon not be considered in calculating the offense level
> for the drug offense.)

*Id.* at 7.

9

We hold, therefore, that the district court was not precluded by USSG § 2K2.4 from the application of "any specific offense characteristic" because the § 922(g) offense is not an "underlying offense" within the meaning of USSG § 2K2.4, application note 2. The sentence enhancements for the violation of § 922(g) were not barred by § 2K2.4 and did not constitute double counting within the guidelines.

## III

## AMOUNT OF DRUGS USED TO CALCULATE SENTENCE

Flennory argues alternatively that the amount of drugs used to calculate the enhancement of his sentence under USSG § 2D1.1(c) was excessive because there was no connection between the drugs found in the vacant lot (8.2 grams) and the .32 caliber pistol found in Flennory's vehicle. Flennory argues that only the drugs found in the vehicle (.9 grams), where the weapon was located, should be used to calculate his sentence enhancement. Under §§ 2D1.1(a)(3) and (c), the base offense level for a drug offense involving .9 grams of cocaine base is 16 while the base offense level for a drug offense involving 9.1 grams is 26. The cross reference in § 2K2.1(c)(1)(A) applies only if it yields a greater sentence than the base offense level in § 2K2.1(b)(5), which yields a base offense level of 18. Flennory claims that 18 was the proper base offense level, not 26.

The issue then is whether Flennory's possession of the firearm was "in connection with" the drug sales such that it was proper to base the calculation of the enhancement on the entire amount of drugs recovered, not just those recovered from Flennory's vehicle. In *United States v. Gainey,* 111 F.3d 834, 836 (11th Cir.1997), this court pointed out that the words "in connection with" have been interpreted somewhat differently by the circuit courts. *Id.* Some courts have analogized the words "in connection with" as used in USSG § 2K2.1(b)(5) and § 2K2.1(c) to the language in 18

10

U.S.C. § 924(c), which prohibits the use or carrying of a firearm "in relation to" a drug trafficking offense. *See United States v. Nale,* 101 F.3d 1000, 1003-04 (4th Cir.1996) (interpreting USSG § 2K2.1(c)(1)); *United States v. Thompson,* 32 F.3d 1, 4-7 (1st Cir.1994) (interpreting USSG § 2K2.1(c)(2)); *United States v. Routon,* 25 F.3d 815 (9th Cir.1994) (interpreting USSG § 2K2.1(b)(5)); *United States v. Gomez-Arrellano,* 5 F.3d 464, 466-67 (10th Cir.1993) (interpreting USSG § 2K2.1(b)(5)). Under this interpretation, these courts have concluded that the firearm must have facilitated or had the potential to facilitate an offense. *See Nale,* 101 F.3d at 1003 (citing *Smith v. United States,* 508 U.S. 223, 237-38, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993)).

The Fifth Circuit, however, has adopted a different interpretation of the words "in connection with." In *United States v. Condren,* 18 F.3d 1190 (5th Cir.1994), the court rejected the § 924(c) analogy and instead relied on the commentary to USSG § 2D1.1(b)(1), requiring the weapon enhancement if the firearm was present unless the defendant can demonstrate that "it is clearly improbable that the weapon was connected to the offense." *Id.* at 1196. In *Gainey,* and in *United States v. Whitfield,* 50 F.3d 947 (11th Cir.1995) (upholding an enhancement under USSG § 2K2.1(b)(5)), this court concluded that it did not need to determine which analysis was most appropriate because under either interpretation it was clear that the defendant's "weapon was used or possessed "in connection with' his [ ] offense." *Id.* at 837. The facts in this case support the same conclusion.

The firearm was in a vehicle across the street from the vacant lot where Flennory was seen distributing drugs. Flennory had arrived at the scene of the drug transaction in his car. In searching Flennory's vehicle, the officers found a small canister containing drugs identical to the one Flennory buried in the vacant lot. The district court found it plausible that Flennory had brought the entire

amount of cocaine with him in the car, rather than leaving it buried in the vacant lot overnight. Additionally, the facts support an inference that Flennory could have easily and quickly retrieved the weapon from the vehicle if it became necessary to avoid an arrest, or to defend himself from a theft of the cocaine or the money he received from his sales. Thus, the possession of the weapon was connected to Flennory's drug transactions under either test. Accordingly, we conclude that the district court's application of the sentencing guidelines was correct and the proper amount of drugs was used to determine Flennory's sentence enhancement.

AFFIRMED.