[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2007
THOMAS K. KAHN
CLERK

No. 06-15950
Non-Argument Calendar

_____

D. C. Docket No. 05-00069-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLAN GRAHAM FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 2, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Allan Graham Foster ("Foster") appeals his 120-month sentence, imposed after he pled guilty to possession of a firearm (a shotgun) by a felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Foster argues that the district court erred at

sentencing by applying the cross-reference of U.S.S.G. § 2K2.1(c)(1)(A) to his base offense level because the government failed to prove by a preponderance of the evidence that he used or possessed the shotgun "in connection with" an attempted kidnaping, rather than in a manner that was incidental to the attempted kidnaping. After careful review, we affirm.

We review a "district court's application and interpretation of the sentencing guidelines under the de novo standard of review . . . [and] its findings of fact for clear error." United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). The Court will not find clear error unless it is "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005)(internal quotation and citation omitted).

The relevant facts are these. On February 24, 2005, Foster was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He pled guilty and proceeded to sentencing. According to the presentence investigation report ("PSI"), on September 23, 2004, officers from the Daphne, Alabama Sheriff's Office responded to an emergency call regarding an attempted kidnaping. The officers arrived at Cynthia Chapman's home and found the door open. Upon entering, the officers encountered Foster dragging Chapman down a hallway. Foster was arrested and three rounds of 20-gauge shotgun ammunition

were found in his pants pocket. A subsequent search of Foster's truck resulted in the discovery of a 20-gauge, semi-automatic, loaded shotgun.

The PSI recommended that because Foster possessed the shotgun "in connection with" the commission or attempted commission of another offense, U.S.S.G. § 2K2.1(c)'s cross-reference to U.S.S.G. § 2X1.1(a) applied and Foster's base offense level of 32 was calculated based on the applicable guideline for the underlying substantive offense of attempted kidnaping, U.S.S.G. § 2A4.1(a). After adjustments for use of a dangerous weapon during the course of the attempted kidnaping and for acceptance of responsibility, Foster's total offense level was 31. With a criminal history category III, the recommended Guidelines range was 135 to 168 months' imprisonment. However, because the statutory maximum term of imprisonment for a violation of 18 U.S.C. § 922(g)(1) was 120 months, Foster's Guidelines range was 120 months.

Foster objected, inter alia, to the application of the cross-reference to § 2X1.1 in § 2K2.1(c), arguing that because the shotgun was in his vehicle, it was not used in connection with the kidnaping attempt. He urged that although he could have taken the firearm into the house and forced Chapman to leave at gunpoint, he purposefully left the firearm in his vehicle.

The government responded that given the continuing nature of the crime of kidnaping, it was reasonable to conclude that the shotgun was possessed in connection with the attempted kidnaping. At the sentencing hearing, the government presented Chapman's testimony. She testified that Foster had been stalking her since November 2001. Local law enforcement officials had informed her in September 2004 that Foster was in Daphne, Alabama, and he had recently stolen a gun. When Foster broke into her home, he told her that she "had been a bad, bad girl" and told her to pack a bag, claiming that "he had almost killed one motherfucker to get to [her]."

The district court rejected Foster's argument concerning application of the sentencing cross-reference, finding that Foster was in the process of kidnaping Chapman with ammunition in his pocket and a loaded gun in his waiting vehicle. The court also found that it was reasonable to assume that Foster intended to take Chapman away in his vehicle, which made the loaded shotgun "integrally interwoven with the offense." The district court then indicated that it was adopting the PSI's sentencing calculations and invited any further argument to which Foster responded, "No additional objections." Following Foster's request for a sentence below the statutory maximum, the district court sentenced him to 120 months' imprisonment and 3 years of supervised release. In imposing sentence, the district

court observed that Foster posed a severe danger to the public, and that the help Foster needed was not "lessening the sentence to some substantially lesser time . . . but to impose the statutory sentence and have the Bureau of Prisons deal with your mental and emotional problems as best they can." After imposition of the sentence, Foster did not make any additional objections when given the opportunity to do so by the district court. This appeal followed.

If a defendant used or possessed a firearm "in connection with the commission or attempted commission of another offense," then the Sentencing Guidelines direct that the guideline for attempt should be applied. U.S.S.G. § 2K2.1(c)(1)(A). The Guideline for attempt states that the district court should apply the base offense level for the substantive offense. U.S.S.G. § 2X1.1(a). The phrase "in connection with" is not defined by U.S.S.G. § 2K2.1(c). However, we have interpreted the phrase expansively, finding that it reflects the context of the defendant's possession. Rhind, 289 F.3d at 695 (interpreting the phrase "in connection with" in the context of U.S.S.G. § 2K.1(b)(5)). In addition, we have held that a firearm does not have to facilitate the underlying offense. Id. In Rhind, we determined that two unloaded guns, found in the backseat of a vehicle with counterfeit money, were possessed in connection with the counterfeiting scheme. 289 F.3d at 695-96.

Here, it was not clearly erroneous for the district court to find that the shotgun was possessed "in connection with" the attempted kidnaping and to apply § 2K2.1(c)'s cross-reference. Foster had shotgun ammunition in his pocket when he was arrested and there was a loaded shotgun in his vehicle, which was parked just outside of Chapman's house. Moreover, the government presented Chapman's testimony that Foster had been stalking her for a number of years, had recently stolen a gun, and told Chapman that he had almost killed someone to get to her. The shotgun was easily retrievable if Foster had any difficulty in forcing Chapman to leave with him. Cf. United States v. Flennory, 145 F.3d 1264, 1270 (11th Cir. 1998) (concluding that a firearm found in the defendant's vehicle was possessed in connection with a felony drug offense when the defendant was selling drugs across the street; reasoning that the defendant could easily retrieve the firearm if it became necessary), superseded on other grounds, United States v. Brown, 332 F.3d 1341 (11th Cir. 2003). Indeed, the only reason that the shotgun was not directly in Chapman's presence was due to the interruption of the kidnaping attempt by law enforcement.

On this record, we readily conclude it was not clear error for the district court to apply the cross-reference in U.S.S.G. § 2K2.1(c), finding that Foster's

possession was in connection with the attempted kidnaping. Accordingly, we affirm Foster's conviction and sentence.

**AFFIRMED.**