[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16674
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00021-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 23, 2009)

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Jeffery Williams appeals his 57-month sentence for possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g) and 924(a). Williams contends that the district court erred by enhancing his sentencing guidelines offense level by four levels under U.S.S.G. § 2K2.1(b)(6). Williams argues that he did not possess a firearm "in connection with" another felony, as § 2K2.1(b)(6) requires.

**I.**

Gainesville police executed a search warrant on Williams' residence in May 2008. The police found 46.5 grams of cocaine, 223 grams of marijuana, scales, baggies, and $1,368 in cash. In a bedroom closet, they found an unloaded .357 Ruger pistol with a holster and six bullets. Williams' wife told the police that he had been selling marijuana out of the house for several years. Williams himself admitted that he had purchased the gun for $50 from a cocaine user.

After Williams pleaded guilty to possession of a firearm by a convicted felon, the district court enhanced his offense level by four levels pursuant to U.S.S.G. § 2K2.1(b)(6) (for possessing any "firearm or ammunition in connection with another felony offense"). The court found that Williams had possessed the pistol "in connection with another felony" because it had been stored with ammunition and in close proximity to drugs and drug paraphernalia. Accordingly,

the pistol was readily retrievable for use as part of Williams' drug dealing operation, and thus it was possessed "in connection with" drug-related felonies.

## II.

We review a district court's application and interpretation of the sentencing guidelines de novo and its factual findings for clear error. United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). "The government bears the burden of establishing by a preponderance of evidence the facts necessary to support a sentencing enhancement." United States v. Kinard, 472 F.3d 1294, 1298 (11th Cir. 2006). Williams does not argue that any of the district court's findings of fact are clearly erroneous. Instead, he contends that the facts of this case do not support a sentencing enhancement under U.S.S.G. § 2K2.1(b)(6).

Williams concedes that "[a] loaded gun found near the contraband would have been sufficient" but argues that this case is distinguishable because his pistol was not loaded and because it was not kept in the same hiding place as his drugs. We disagree.

A gun need not be kept within arm's reach of the drugs or drug paraphernalia to qualify as being possessed "in connection with" a drug crime. In United States v. Flennory, 145 F.3d 1264, 1270 (11th Cir. 1998), superseded on other grounds, United States v. Brown, 332 F.3d 1341 (11th Cir. 2003), we held

that a gun kept in the defendant's car across the street from a vacant lot where he was selling drugs was possessed "in connection with" a felony drug offense because the gun could easily have been retrieved. In this case, the gun was kept in a closet in the same house with half a pound of marijuana, cocaine, scales, baggies, and $1,368 in cash. Although it is unclear where in the house the other contraband was found, it is safe to say that the gun was at least as accessible as if it were in car across the street. See Flennory, 145 F.3d at 1270 ("Additionally, the facts support an inference that Flennory could have easily and quickly retrieved the weapon from the vehicle if it became necessary to avoid an arrest, or to defend himself from a theft of the cocaine or the money he received from his sales.").

Nor does it matter that Williams' pistol was unloaded. Williams tries to distinguish Flennory because the gun in that case was loaded. However, U.S.S.G. § 2K2.1(b)(6) does not distinguish between loaded and unloaded guns. See Rhind, 289 F.3d at 695 (explaining that "[w]e know of no requirement that the firearms be loaded or operable to meet the 'in connection with' requirement, and holding that an unloaded shotgun and a disassembled handgun satisfied it). In fact, by its own terms § 2K2.1(b)(6) would be satisfied by the possession of ammunition even without a gun. Id. ("If the defendant used or possessed any firearm *or ammunition* in connection with another felony offense . . .") (emphasis

4

added).  Finally, it is worth noting that Williams kept his pistol in a bag with six bullets.  Here, the difference between an unloaded gun and a loaded gun was a matter of seconds, demonstrating that Williams' argument that his gun was unloaded is a distinction without a difference.  Cf. Rhind, 289 F.3d at 695 (noting that the defendants, who possessed no ammunition for their shotgun, "could have easily obtained [it].").

Accordingly, the district court did not err by applying a § 2K2.1(b)(6) enhancement on the facts of this case.

**AFFIRMED.**