[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2010
JOHN LEY
CLERK

No. 09-14998
Non-Argument Calendar
_____

D. C. Docket No. 09-20425-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUMARK DANIEL CLARK,
a.k.a. Lamont Clark,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 13, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lumark Daniel Clark appeals from his 46-month sentence after pleading

guilty to being a felon in possession of a firearm and ammunition, in violation of

18 U.S.C. § 922(g)(1). On appeal, Clark argues that the district court erred in applying a four-level enhancement to his sentence for possessing a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6). After thorough review, we affirm.

We review a district court's application and interpretation of the Guidelines de novo, and its factual findings for clear error. United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). The district court's determination that a defendant used a firearm in connection with another felony offense is a factual finding reviewed for clear error. United States v. Whitfield, 50 F.3d 947, 949 & n.8 (11th Cir. 1995). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotations omitted). "The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement." United States v. Kinard, 472 F.3d 1294, 1298 (11th Cir. 2006).

A district court should make explicit findings of fact and conclusions of law at sentencing for controverted matters. United States v. Villarino, 930 F.2d 1527, 1528 (11th Cir. 1991); see also U.S.S.G. § 6A1.3(b). However, this Court may infer factual findings by a district court consistent with its judgment, and uphold

2

these findings of fact as long as they are not clearly erroneous. See United States v. Robertson, 493 F.3d 1322, 1334-35 (11th Cir. 2007) (inferring an implied finding by the district court that defendant's fraud proximately caused victim's loss, and holding that this finding was clearly erroneous).

The guidelines require a four-level increase to the base offense level for a firearm possession offense under 18 U.S.C. § 922(g) "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). Guidelines commentary clarifies that "[s]ubsection (b)(6) . . . appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . ." U.S.S.G. § 2K2.1, cmt. n.14(A).

In this case, although the district court did not rule explicitly on the issue, it did not clearly err in finding that Clark committed attempted burglary. Indeed, the court implicitly ruled that Clark had committed the attempted burglary offense by noting during its ruling at sentencing that one of the possible reasons Clark had the firearm was to "intimidate people inside the residence." We therefore must uphold the district court's implicit finding as long as the court did not clearly err in finding that Clark committed attempted burglary. See Robertson, 493 F.3d at 1334-35.

As the record shows, the district court did not clearly err because substantial evidence supports the district court's finding. Under Florida law, an individual

commits burglary by "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein." Fla. Stat. § 810.02(b)(1). Regarding the intent necessary for a defendant to be convicted of burglary, the statute provides: "In a trial on the charge of attempted burglary, proof of the attempt to enter such structure or conveyance at any time stealthily and without the consent of the owner or occupant thereof is prima facie evidence of attempting to enter with intent to commit an offense." Fla. Stat. § 810.07. One definition for the term "stealthily," as used in § 810.07, is "'[a]ny secret, sly or clandestine act to avoid discovery and to gain entrance into . . . [the] residence of another without permission.'" Irvin v. State, 590 So. 2d 9, 10 n.3 (Fla. Dist. Ct. App. 1991) (noting that the defendant acted stealthily based on both this and another definition for "stealth"); see also S.D. v. State, 837 So. 2d 1173, 1174 (Fla. Dist. Ct. App. 2003). Circumstantial evidence showing that a defendant ran away after breaking into a house without the owner's consent has been found sufficient to demonstrate that the defendant's entry was stealthy, and thus, prima facie evidence that the defendant entered with the intent to commit an offense inside the dwelling. See M.S. v. State, 774 So. 2d 777, 778 (Fla. Dist. Ct. App. 2000) (holding that eyewitness testimony that the defendant ran from the back exit of a vacant apartment late at night demonstrates that his entry was stealthy).

4

Here, it is undisputed that a detective observed Clark walking to the fenced-in area at the rear of a residence, peering through the windows of the residence, walking to the front door of the residence, and pulling on the door knob. Additionally, it is undisputed that when the detective attempted to pull Clark's car over after he left the residence, Clark fled from the detective and another detective who had joined his pursuit. Although Clark alleged that he was not wearing gloves outside the residence, he stipulated that a police officer would testify that he was wearing gloves. Furthermore, there is no claim that Clark had the owner's consent to enter the residence. On this record, Clark's flight from police after leaving the residence constitutes sufficient circumstantial evidence for the court to find that he attempted to enter the residence stealthily, and thus had the requisite intent for attempted burglary. See id. At the very least, the record does not leave us with a "definite and firm conviction" that the district court erred in implicitly finding that Clark had the requisite intent for attempted burglary pursuant to Fla. Stat. § 810.07. See Rodriguez-Lopez, 363 F.3d at 1137.

Nor did the district court clearly err in concluding that the government had met its burden to establish, by a preponderance of the evidence, that Clark possessed a firearm in connection with the other felony offense of attempted burglary. "[I]n certain circumstances, mere possession of a firearm can be enough

5

to apply a sentencing enhancement." United States v. Jackson, 276 F.3d 1231, 1234-1235 (11th Cir. 2001). Whether a defendant armed himself before committing a crime is a factor we consider in determining whether mere possession of a firearm is sufficient to establish that it was possessed in connection with another felony for sentencing purposes. Id. Additionally, we have held that a firearm that was not on a defendant's person can still be possessed in connection with another felony offense if the gun could have been easily retrieved. United States v. Flennory, 145 F.3d 1264, 1270 (11th Cir. 1998) (holding that a defendant possessed a firearm in connection with a crime when the firearm was kept in a car across the street from where the defendant was selling drugs), superceded by regulations on other grounds, as stated in United States v. Brown, 332 F.3d 1341 (11th Cir. 2003). Typically, we focus on whether the firearm could have been used in the commission of other crimes, not whether it actually was used.

In United States v. Young, we confronted the issue of whether a sentencing enhancement should apply because a defendant possessed a gun in connection with a burglary. 115 F.3d 834 (11th Cir. 1997). In Young, the defendant stole a rifle during the commission of a burglary, but the government presented no evidence demonstrating that the defendant brandished the firearm at the scene of the burglary or after. Id. at 835, 838. We concluded that the defendant possessed the

6

firearm "in connection with" that burglary and upheld the district court's application of the enhancement. Id. at 836.

In this case, it is undisputed that detectives continuously observed Clark when he walked to and from the residence, entered his car, fled from the detectives in the car and on foot, and removed the firearm from his waistband. Under these circumstances, the firearm had to be either on Clark's person or in his car during the burglary attempt. And Clark possessed the firearm even if it was in the car, because he still could have easily retrieved the firearm due to the close proximity of the car to the residence. See Flennory, 145 F.3d at 1270.

On this record, the evidence reasonably suggests that Clark armed himself with a loaded firearm before committing the attempted burglary, and thus planned on using it in connection with the crime. See Jackson, 276 F.3d at 1234-35. Additionally, the evidence reasonably demonstrates that the firearm "potentially emboldened" Clark in his attempted burglary. See United States v. Gainey, 111 F.3d 834, 837 (11th Cir. 1997) (holding that a defendant possessed a firearm in connection with drug offenses where he possessed both the gun and the narcotics on his person at the same time, because the firearm "potentially emboldened [the defendant] to undertake illicit drug sales"). The district court noted as much in applying the four-level enhancement, stating that "the activities described indicated

that the gun was somehow a back up to the other criminal enterprise, whether to intimidate people if caught [or] . . . to intimidate people inside the residence . . . ." Because the firearm could have been used to protect Clark from angry victims or to aid his getaway, it had the potential of facilitating the attempted burglary offense, which is all that is required for a § 2K2.1(b)(6) sentencing enhancement to be applied. See U.S.S.G. § 2K2.1, cmt. n.14(A). Therefore, the district court did not clearly err in concluding that Clark possessed the firearm with intent to use it should it become necessary to facilitate the attempted burglary, and thus, did not err in applying the § 2K2.1(b)(6) enhancement. See Whitfield, 50 F.3d at 949 & n.8.[1]

**AFFIRMED.**

---

[1] It is not necessary for us to decide whether Clark's possession of the firearm was in connection with his fleeing and eluding, because, as previously discussed, the court did not clearly err in applying the § 2K2.1(b)(6) sentencing enhancement based on the firearm in Clark's possession having the potential to facilitate the commission of attempted burglary. Additionally, the district court seems to have based its overruling of Clark's objection to the enhancement on the firearm being possessed in connection with the attempted burglary.