[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12979
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:11-cr-00017-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEKENDRICK DEONTAE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 10, 2012)

Before DUBINA, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellant Lekendrick Johnson appeals his total sentence of 57 months'

imprisonment, imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). On appeal, Johnson argues that the district court erred in applying a four-level enhancement to his offense level, pursuant to U.S.S.G. § 2K2.1(b)(6), because it clearly erred in its factual finding that he had possessed a firearm or ammunition in connection with another felony offense. Johnson contends that the term "close proximity," as contained in the commentary to § 2K2.1, should mean "extreme or immediate nearness such that it is irrefutably presumed that the firearm is connected to the commission of the offense involving the drugs." Johnson states that the drugs and drug paraphernalia discovered at his residence were in different rooms than the firearm and ammunition, and thus, the government failed to satisfy its burden of proof with respect to the enhancement. Johnson further argues that, because there was insufficient detail provided regarding Johnson's house, the district court could not reliably conclude that the firearm was connected to the drug-distribution offense.

We review a district court's application and interpretation of the Guidelines *de novo*, and its factual findings for clear error. *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002). The district court's determination that the defendant

used a firearm in connection with another felony offense is a factual finding that we review for clear error. *United States v. Whitfield*, 50 F.3d 947, 949 (11th Cir.1995). The government bears the burden to establish the facts that are necessary to support a sentencing enhancement "and it must do so by a preponderance of the evidence." *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007).

Under the Sentencing Guidelines, a four-level enhancement applies where the defendant "possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). Generally, we have held that a defendant can possess a weapon through both actual and constructive possession. *See United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004) (addressing possession of a firearm under 18 U.S.C. § 924(c)). A defendant has actual possession of a firearm when he has direct physical control over the item. *Id.* at 1235. A defendant has constructive possession when he exercised "ownership, dominion, or control" over an item itself or the place of concealment of the item. *See United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996) (addressing possession of marijuana under 21 U.S.C. §§ 841 and 843).

Before 2006, the phrase "in connection with," as used in U.S.S.G. § 2K2.1(b)(6), was not defined in the Guidelines. *See Rhind*, 289 F.3d at 695.

3

We, however, noted that in other guidelines sections involving the phrase "in connection with" we gave the phrase an expansive interpretation and rejected the notion that a firearm must facilitate the underlying offense to trigger application of the four-level enhancement. *Id.* (citing *United States v. Young*, 115 F.3d 834 (11th Cir. 1997)). We held, in interpreting analogous guideline provisions, that, in circumstances where it was reasonable to assume that the defendant possessed a firearm to prevent the theft of property related to the underlying offense, mere possession of a firearm could be enough to satisfy the "in connection with" requirement. *United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2001) (citations omitted); *see Rhind*, 289 F.3d at 695 (holding that it is reasonable to conclude that the presence of firearms in a vehicle protected counterfeit money from theft during the execution of a counterfeit felony). Additionally, we held that a firearm that was not on a defendant's person can still be possessed in connection with a felony offense if the gun could have been easily retrieved. *United States v. Flennory*, 145 F.3d 1264, 1270 (11th Cir. 1998) (holding that a defendant possessed a firearm in connection with a crime when the firearm was kept in a car across the street from where the defendant was selling drugs), *superceded by regulation on other grounds*, *as stated in United States v. Brown*, 332 F.3d 1341 (11th Cir. 2003).

4

In 2006, the commentary to U.S.S.G. § 2K2.1 was amended in order to address a circuit conflict pertaining to the use of a firearm "in connection with" drug offenses.  U.S.S.G. App. C, Amend. 691. The amendment made clear that the guideline applied where the firearm only had the potential of facilitating another offense. *Id.*  The November 1, 2010 Guidelines include an application note that states that § 2K2.1(b)(6) applies where "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . ."  U.S.S.G. § 2K2.1, comment. (n.14(A)).  Where the felony offense is a drug offense, the guideline applies where "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia.  In these cases, application of [the guideline] is warranted because the presence of the firearm has the potential of facilitating another felony offense . . . ."  *Id.*, comment. (n.14(B)); *see United States v. Pham*, 463 F.3d 1239, 1246 (11th Cir. 2006) (noting that guns are the "tool[s] of the drug trade," as there is a "frequent and overpowering connection between the use of firearms and narcotics traffic" in the context of determining whether U.S.S.G. § 2D1.1(b)(1) was applicable to defendant's offense level (internal quotation marks omitted)).

The presentence investigation report shows that Johnson possessed a loaded firearm and 47 additional rounds of ammunition at his small residence where

5

officers found marijuana and drug paraphernalia. The district court determined at the sentencing hearing that drug paraphernalia was scattered throughout Johnson's residence. Johnson did not object to any of these facts. Based on these facts, we conclude that the district court did not clearly err in determining that Johnson's firearm was found in "close proximity" to the marijuana and that U.S.S.G. § 2K2.1(b)(6) applies.

Accordingly, we affirm Johnson's total sentence.

**AFFIRMED.**