[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17068
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00170-SCB-JSS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCOS A. ACOSTA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 2, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Marcos Acosta appeals his 37-month sentence, imposed after pleading guilty

to being a felon in possession of firearms and ammunition.  Acosta argues that the

district court procedurally erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense, because the district court made no findings that Acosta's firearms were found in "close" proximity to drugs found at his residence, and there was no evidence showing that the firearms were connected to his possession or sale of drugs.

Acosta admitted that firearms, ammunition, and drug paraphernalia found while executing a search warrant at his residence belonged to him. And he admitted that he had been selling heroin and cocaine from his residence. He argues, however, that in the case of a drug-trafficking offense, the enhancement requires that the firearm be found in "close proximity" to the drugs. Therefore, he argues, the district court based the enhancement solely on the temporal and spatial nexus between the drugs and firearms, which is insufficient for application of the enhancement. In his sentencing memorandum, Acosta stated that he never sold or moved any of the firearms, that they were small guns commonly associated with self-defense, that he did not use the firearms in any way in his drug sales. He argues that the government failed to offer any evidence showing how the firearms facilitated a felony offense at sentencing.

We review a district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Smith*,

2

480 F.3d 1277, 1278 (11th Cir. 2007).  Evaluating whether a firearm was used "in connection with" another felony offense is a factual determination that we review for clear error.  *United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995) (per curiam).  "[T]here is no clear error in cases in which the record supports the district court's findings."  *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).

"When a defendant challenges one of the factual bases of his sentence, the government must prove the disputed fact by a preponderance of the evidence." *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014) (per curiam). If the defendant properly objects to facts in support of an enhancement, the district court may make reasonable factual inferences so long as they are not so speculative as to be clearly erroneous.  *See United States v. Chavez*, 584 F.3d 1354, 1367 (11th Cir. 2009).  The district court may rely on undisputed statements in the presentence investigation report (PSI) or from the government's proffer at the plea colloquy in making fact findings to support a sentencing enhancement.  *See Smith*, 480 F.3d at 1281.

Under U.S.S.G. § 2K2.1, a defendant's offense level may be increased by four levels if he "[u]sed or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  The Application Notes explain that the enhancement applies if the firearm or ammunition "facilitated, or

3

had the potential of facilitating, another felony offense."  U.S.S.G. § 2K2.1, comment. (n.14(A)).  The notes further explain that the enhancement applies in the case of a drug-trafficking offense where a firearm is found "in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," because the "presence of the firearm has the potential of facilitating another felony offense."  U.S.S.G. § 2K2.1, comment. (n.14(B)).  We have clarified that "[a] firearm found in close proximity to drugs or drug-related items "simply 'has'—without any requirement for additional evidence—the potential to facilitate the drug offense."  *United States v. Carillo-Ayala*, 713 F.3d 82, 92 (11th Cir. 2013) (emphasis in original) (noting that a "firearm in proximity to drugs is connected with a drug offense because it has the potential to be used as a weapon").  In *United States v. Flennory*, we determined that a firearm was possessed "in connection with" a drug transaction for purposes of calculating a sentence enhancement based on the drug amount where the firearm was found in a vehicle across the street from a vacant lot where the defendant was seen distributing drugs.  *United States v. Flennory*, 145 F.3d 1264, 1269 (11th Cir. 1998).  We determined that the firearm was sufficiently connected to the drug offense "because the facts support[ed] an inference that [the defendant] could have easily and quickly retrieved the weapons "if it became necessary to avoid an arrest, or to defend himself from a theft of the cocaine or the money he received from his sales."  *Id*. at 1269–70.

4

As to Acosta, the district court did not clearly err in applying the four-level enhancement under § 2K2.1(b)(6)(B).  Based on the factual proffer from Acosta's plea, the PSI, and Acosta's statements at sentencing, it is undisputed that firearms were present in Acosta's home when he possessed the drugs, and it was reasonable for the district court to infer that at least some of them had been present when he sold the drugs.  Moreover, the district court did not clearly err in determining that the presence of eight firearms and ammunition in the same home as the drugs and drug paraphernalia created sufficient proximity for the enhancement, or that the firearms had the potential to facilitate Acosta's drug sales or possession, because the firearms were sufficiently close to Acosta's drug-sale activities so that he could have easily retrieved one of them, if needed, for protection or deterrence from persons seeking to interfere with his drug activities.  *See Flennory*, 145 F.3d at 1269–70; U.S.S.G. § 2K2.1, comment. (n.14(A)).  Accordingly, we affirm.

**AFFIRMED.**