36 F.3d 1094
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas BLACKMON, Defendant-Appellant.
 No. 94-5146.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 23, 1994.
Decided: Sept. 28, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-93-259)
 John H. Hare, Assistant Federal Public Defender, Columbia, SC, for appellant.
 J. Preston Strom, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, SC, for appellee.
 S.D.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Blackmon entered a guilty plea to a charge of possession of a firearm by a convicted felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994), and was sentenced to a term of sixty-nine months imprisonment. He appeals his conviction and sentence, contending that the district court abused its discretion in refusing to allow him to withdraw his guilty plea on the day of his sentencing, and in enhancing his sentence under guideline section 2K2.1(b)(5)* for possessing the firearms in connection with another felony. We affirm.
 
 
 2
 Blackmon's residence was searched under a search warrant on June 4, 1992, after an informant made a controlled buy of drugs there. Seven firearms, one of which was loaded, were found in Blackmon's bedroom closet. Ammunition for all the guns was on the closet shelf. In addition, 19.417 grams of crack cocaine and 57.044 grams of cocaine powder were found. Most of the drugs were hidden in a storage building behind the house and in a swing set in the yard. A small amount was found in a dry aquarium inside the house.
 
 
 3
 Blackmon pled guilty to drug trafficking charges in state court and received a twenty-year sentence. He was then charged with two federal firearms offenses. In September 1993, on the day scheduled for trial, Blackmon entered a guilty plea to the Sec. 922(g)(1) count. In return for his plea, the government dismissed a second count of using or carrying a firearm in relation to a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1994). Almost five months later, on the day scheduled for sentencing in February 1994, Blackmon moved to withdraw his guilty plea, claiming that his second prosecution in federal court was unfair and that he was facing too long a sentence.
 
 
 4
 The district court denied the motion, finding that Blackmon had not shown any fair and just reason supporting his request to withdraw his plea.
 
 
 5
 Under United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S.1991), when a defendant seeks to withdraw a guilty plea, six factors are relevant: (1) whether the defendant has offered credible evidence that his guilty plea was not knowing or voluntary; (2) whether the defendant has offered credible evidence of his innocence; (3) whether there has been a delay between the plea and the motion to withdraw; (4) whether the defendant has had the assistance of competent counsel; (5) whether the withdrawal will prejudice the government; and (6) whether it will waste judicial resources. Blackmon concedes that the first four factors favor the government, but argues that neither the government nor the court would be prejudiced by permitting him to go to trial. However, the district court found that all the factors weighed against Blackmon, including the last two. We agree. We find that the district court did not abuse its discretion in denying the motion to withdraw.
 
 
 6
 In the sentencing proceeding, Blackmon challenged the probation officer's recommendation for a four-level enhancement for possession of firearms or ammunition in connection with another felony under guideline section 2K2.1(b)(5). He asserted that none of the firearms were used in connection with his drug dealing, that all were instead collateral for loans he had made to acquaintances. He presented three witnesses who said they had pawned firearms to Blackmon and had never retrieved them. On cross-examination, each stated that the pawned firearm was unloaded when it was delivered to Blackmon.
 
 
 7
 The district court then inquired into the meaning of the term "in connection with," which is not defined in section 2K2.1(b)(5) or the commentary. It considered both the case law interpreting 18 U.S.C.A. Sec. 924(c) (West Supp.1994), which prohibits using or carrying a firearm during and in relation to a violent or drug trafficking crime, and the commentary to guideline section 2D1.1, which provides for a sentence enhancement if a firearm is possessed during a drug trafficking crime unless it is clearly improbable that the firearm was connected to the offense. USSG Sec. 2D1.1, comment. (n.3). The court found that Blackmon had loaded one of the firearms and kept it available for protection if needed, and that the loaded firearm, if not the others, was possessed in connection with his drug trafficking. This factual finding was not clearly erroneous. The court then determined that Blackmon had possessed the firearm in connection with his drug dealing.
 
 
 8
 Some circuits have held that "in connection with," as used in section 2K2.1(b)(5), should be interpreted by analogy to guideline section 2D1.1(b)(1). See United States v. Condren, 18 F.3d 1190, 1196-99 (5th Cir.1994) (analogy to USSG Sec. 2D1.1 imperfect, but closer than to Sec. 924(c)), petition for cert. filed, 60 U.S.L.W. 3261 (U.S.1994); see also United States v. Brewster, 1 F.3d 51, 53-54 (1st Cir.1993); United States v. Sanders, 990 F.2d 582, 584-85 (10th Cir.), cert. denied, 62 U.S.L.W. 3250 (U.S.1993). Others find a closer analogy with Sec. 924(c). See United States v. Routon, 25 F.3d 815, 818 (9th Cir.1994); United States v. Gomez-Arrellano, 5 F.3d 464, 466-67 (10th Cir.1993).
 
 
 9
 We need not choose between these different approaches, because, under any of the tests used, the district court's determination that the enhancement applied was correct. The loaded firearm was present during Blackmon's drug trafficking, and it was not clearly improbable that the weapon was connected to that offense. USSG Sec. 2D1.1(b)(1), comment. (n.3). Moreover, a firearm which facilitates a drug trafficking crime by providing a means of protection is used in relation to the drug offense. Smith v. United States, 61 U.S.L.W. 4503, 4508 (U.S.1993).
 
 
 10
 The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)