United States Court of Appeals, Eleventh Circuit.

No. 94-8428

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Kevin WHITFIELD, Defendant-Appellant.

April 24, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-CR-325), William C. O'Kelley, Judge.

Before KRAVITCH, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Kevin Whitfield pleaded guilty to storing a stolen firearm in violation of 18 U.S.C. § 922(j) and was sentenced to 102 months imprisonment. On appeal, Whitfield challenges the district court's imposition of a sentencing enhancement to his base offense level, pursuant to U.S.S.G. § 2K2.1(b)(5), based upon its finding that Whitfield used the gun in connection with two burglaries (for which he pleaded guilty in state court). We hold that the district court did not clearly err in making this factual determination; accordingly, we AFFIRM.[1]

I.

---

[1] Whitfield also contends that U.S.S.G. § 2K2.1(b)(5) violates the equal protection clause and is beyond the statutory power of the Sentencing Commission. Because Whitfield did not raise these arguments below, we do not address them on appeal. *See United States v. Jones,* 899 F.2d 1097, 1103 (11th Cir.) ("Where the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for the purposes of appeal ... [absent] manifest injustice."), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled on other grounds, United States v. Morrill,* 984 F.2d 1136, 1137 (11th Cir.1993) (en banc).

On October 18, 1992, Whitfield burglarized an apartment in Atlanta, and stole a gun. On his way out of the apartment, Whitfield threatened the victim's neighbor, who inadvertently confronted him, with this weapon. Shortly thereafter, Whitfield attempted to burglarize another apartment. When police officers arrived at the scene, they discovered Whitfield in a chair facing the front door of the second residence. Whitfield's hands were hidden under a coat that was folded and lying on his lap. While one officer "covered" Whitfield, the other removed the coat from his lap and unfolded it; a semi-automatic pistol fell out. One of the officers stated, in a written report after the incident, that he believed that Whitfield had specifically positioned himself in front of the door in the hope of ambushing a police officer. Whitfield pleaded guilty to two burglary counts in state court, and was sentenced to concurrent four-year prison terms.

In federal court, the presentence investigation report ("PSI") recommended a four-point increase in Whitfield's base offense level pursuant to U.S.S.G. § 2K2.1(b)(5), which provides for such an adjustment if, *inter alia*, "the defendant used or possessed any firearm ... in connection with another felony offense." The PSI reasoned that Whitfield used the gun in connection with the state-law burglaries. Whitfield objected, contending that he was simply carrying the gun along with all the other stolen "loot," and intended to pawn it later in the day. The district court disagreed, specifically finding that "the weapon was not being carried as part of the loot from a burglary but ha[d] been sequestered and separated from that and was being used as a weapon

while committing another crime."  Accordingly, the district court imposed the sentencing adjustment.

## II.

The Guidelines do not define the phrase "in connection with" in § 2K2.1(b)(5).  This court has never addressed the question, and other circuits, at first glance, appear to disagree on the proper nexus between the weapon and the underlying felony.  Some courts hold, by analogy to 18 U.S.C. § 924(c),[2] that

> the prosecution will have to make a greater showing than a defendant's mere possession of a firearm to obtain a section 2K2.1(b)(5) enhancement.  Instead, to the extent that the government relies upon physical possession, it must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—*i.e.*, had some potential emboldening role in—a defendant's felonious conduct.

*United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994).[3]  Other courts apply a more lenient nexus by analogy to U.S.S.G. §

---

[2]18 U.S.C. § 924(c)(1) mandates an enhanced sentence for an offender who, "during and in relation to any [federal] crime of violence or [federal] drug trafficking crime ... uses or carries a firearm."  In *Smith v. United States,* --- U.S. ----, ----, 113 S.Ct. 2050, 2059, 124 L.Ed.2d 138 (1993), the Court construed the phrase "in relation to" in this provision to require that the weapon facilitate or have the potential of facilitating a drug trafficking offense.

[3]*See also United States v. Gomez-Arrellano,* 5 F.3d 464, 466–67 (10th Cir.1993) (§ 2K2.1(b)(5) "is not satisfied if the weapon's possession is coincidental or entirely unrelated to the offense").  *Compare also United States v. Brewster,* 1 F.3d 51, 54 (1st Cir.1993) ("in connection with" to be given its "ordinary meaning")*;  United States v. Thompson,* 32 F.3d 1, 6-7 (1st Cir.1994) (construing analogous § 2K2.1(c)(2) and interpreting *Brewster* as holding that "[w]hile it is difficult to sketch the outer boundaries of this link, there is no question that where a defendant's possession of a firearm somehow aids or facilitates, or has the potential to aid or facilitate, the commission of another offense, the defendant's possession of the firearm is causally and logically related to the other offense").

2D1.1(b)(1),[4] holding that "the enhancement is required not only

for *use,* but also simply for *possession,* of a firearm in connection

with another felony." *United States v. Condren,* 18 F.3d 1190, 1197

n. 19 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 161, 130

L.Ed.2d 99 (1994) (emphasis in original).[5]

It is questionable whether these theoretically distinct

standards in fact differ in practice.[6]  This case, however, does

---

[4]Under this provision, a defendant's base offense level is increased by two points if a firearm "was possessed" during a federal narcotics crime of which the defendant is convicted, unless "it is clearly improbable that the weapon was connected with the offense."  *See* U.S.S.G. § 2D1.1(b)(1) & comment.  (n. 3).  This court has not yet decided whether the government or the defendant bear the burden of proof on the "clearly improbable" question.  *See* Jefri Wood and Diane Sheehey, *Guideline Sentencing* 32 (Fed.Jud.Center 1994) (describing circuit split on this issue).

[5]*Cf. United States v. Sanders,* 990 F.2d 582, 585 & n. 1 (10th Cir.) (pre-*Smith* case;  where circuit precedent imposed stringent requirement under § 924(c)(1) that defendant have ready access to weapon and it play an integral role in the offense before statutory sentence enhancement could be imposed, § 924(c)(1) did not supply proper standard for more lenient § 2K2.1(b)(5) Guideline enhancement), *cert. denied,* --- U.S. ----, 114 S.Ct. 216, 126 L.Ed.2d 172 (1993).

[6]Thus, for example, on facts similar to *Condren,* courts applying the purportedly more stringent "facilitation" test have reached the same result as did the Fifth Circuit under the more relaxed "possession" benchmark:  a weapon's physical proximity to narcotics may provide the requisite nexus for underlying drug felony enhancements under § 2K2.1(b)(5).  *See Routon,* 25 F.3d at 816-19;  *Gomez-Arrellano,* 5 F.3d at 467.  The Fifth Circuit, on the other hand, recently has demonstrated that its supposedly lenient standard is not without some bite.  *See United States v. Fadipe,* 43 F.3d 993 (5th Cir.1995) (enhancement on federal gun charge improper where gun was present in car filled with documents used by defendant in felony bank fraud;  the "presence of a gun near instruments of bank fraud does not create the same automatic increase in danger of physical violence that exists when drugs and guns are present together");  *see also United States v. Guerrero,* 5 F.3d 868, 872-73 (5th Cir.1993) (opining that under U.S.S.G. § 2D1.1(b)(1), the government "may meet its burden by showing that the weapon facilitated, or could have facilitated, the drug trafficking offense," and thereby

not require us to choose between the two competing interpretations of § 2K2.1(b)(5), because the enhancement was proper under *either* legal standard. *See McCabe v. Sharrett,* 12 F.3d 1558, 1569 (11th Cir.1994) (unnecessary to choose test for evaluating freedom of association claim where result would be the same under both standards).[7] Whatever the applicable legal benchmark, the district court's *factual* determination that the weapon was used or possessed "in connection with" the burglaries was not clearly erroneous.[8] Whitfield's use of the gun to threaten a bystander between the burglaries, his concealment of the gun in his coat at the time of the arrest, and the officer's averment that Whitfield had apparently positioned himself to fire the weapon at persons coming through the front entrance of the apartment, all plainly evidence both possession of the gun in connection with the burglaries and facilitation of the burglaries by use of the gun. *Compare Guerrero,* 5 F.3d at 873 (defendant possessed firearms "in

---

implicitly suggesting that *Condren*'s "possession" test for § 2K2.1(b)(5), developed in reliance on the former provision, may not differ much from the other circuits' "facilitation" test), *cert. denied,* --- U.S. ----, 114 S.Ct. 1111, 127 L.Ed.2d 422 (1994).

[7]*See also United States v. Blackmon,* 36 F.3d 1094 (table), 1994 WL 524995 at *2 (4th Cir. Sept. 28, 1994) (unnecessary to choose between competing approaches to § 2K2.1(b)(5), although question was one of first impression, where enhancement was correct under either test).

[8]*See, e.g., Routon,* 25 F.3d at 819 (once legal standard established, "in connection with" determination under § 2K2.1(b)(5) reviewed for clear error); *Condren,* 18 F.3d at 1199 (same); *cf. United States v. Martinez,* 924 F.2d 209, 210 (11th Cir.) (for purposes of § 2D1.1(b)(1), question of whether defendant possessed firearm "during" the commission of a drug felony is reviewed for clear error), *cert. denied,* 502 U.S. 870, 112 S.Ct. 203, 116 L.Ed.2d 163 (1991).

connection with" a burglary for purposes of similar U.S.S.G. § 4B1.4(b)(3)(A) "armed career criminal" enhancement even where they were not used to commit the burglary, but were instead its fruits; "[p]ossession of firearms obviously increases the *danger of violence* whether or not such weapons are actually used. If armed burglars encounter the occupants of a home or law enforcement officials, it makes little difference how the burglars obtained their firearms.") (emphasis in original). Accordingly, the district court did not err in increasing Whitfield's offense level under § 2K2.1(b)(5).

AFFIRMED.