[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14615
Non-Argument Calendar
_____

D. C. Docket No. 04-00093-CR-T-27MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL STEWART, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 19, 2006)**

Before DUBINA, BLACK  and BARKETT, Circuit Judges.

PER CURIAM:

Appellant, Carl Stewart, Jr. appeals his conviction and 92-month sentence

imposed after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). First, Stewart argues that the district court erred by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) when his possession of the firearm was not in connection with another felony offense. Second, Stewart argues that the district court violated the Fifth and Sixth Amendments by enhancing his offense level based on facts not alleged in the indictment nor admitted by him. Stewart also argues that the district court violated due process and *ex post facto* principles by sentencing him based on the retroactive application of the remedial opinion in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Third, Stewart argues that the district court plainly erred by failing to conclude *sua sponte* that 18 U.S.C. § 922(g)(1), was unconstitutional on its face and as applied to Stewart.

We "review[] the district court's application and interpretation of the sentencing guidelines under a *de novo* standard of review, but review[] its findings of fact for clear error." *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002) (citation omitted).

Federal law makes it unlawful for a convicted felon to possess a firearm. 18 U.S.C. § 922(g)(1). Section 2K2.1 of the Guidelines provides for a four-level enhancement "[i]f the defendant . . . possessed any firearm . . . in connection with

2

another felony offense." § 2K2.1(b)(5).  This section of the Guidelines does not define the phrase "in connection with."  *See* § 2K1.1, comment.

A district court's determination that a firearm was possessed "in connection with" another felony offense is a factual one.  *See United States v. Whitfield*, 50 F.3d 947, 949 & n. 8 (11th Cir. 1995) (addressing the "in connection with" phrase in § 2K2.1(b)(5)).  Some circuits require at least an inference that the firearm facilitated the defendant's felonious conduct, while other circuits have held that mere possession is enough.  *Id.* at 948-49 (citations omitted).  We have refused to adopt a more restrictive approach of interpreting "in connection with" used in other courts.  *United States v. Young*, 115 F.3d 834, 837-38 (11th Cir. 1997) (addressing the phrase in § 4B1.4(b)(3)(A)).  Subsequently, we could not discern a principled reason why we should not follow the reasoning in the *Young* decision.  *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1309 (11th Cir. 1999) (addressing the phrase "in connection with" found in § 2B5.1(b)(3)).  When the Guidelines do not provide a definition, we have held that district courts should give phrases within the Guidelines their ordinary meaning, unless there is a clearly contrary intent.  *Rhind*, 289 F.3d at 695.  We have considered the definition of "in connection with" in other sections of the Guidelines and have determined that the phrase "merely reflects the context of the defendant's possession of the firearm" and the firearm

3

"does not have to facilitate the underlying offense." *Id.* (citations omitted).

After reviewing the record, we conclude that the phrase "in connection with" reflects the context of Stewart's possession of the firearm, and the district court did not clearly err in its factual determination that Stewart possessed the firearm in connection with either of the two felony offenses that he committed.

Stewart's two additional issues are foreclosed by prior precedent. Stewart's argument that the imposed sentence was unconstitutional because it was based in part on facts neither charged in the indictment nor admitted by him, in violation of the Fifth and Sixth Amendments, Due Process, and *Ex Post Facto* Clause, has been rejected in *United States v. Duncan*, 400 F.3d 1297 (11th Cir.), *cert. denied*, 126 S. Ct. 432 (2005). We have also held that "the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional." *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir.), *cert. denied*, 125 S. Ct. 2935 (2005). Stewart's constitutional challenge, facial and as applied, that 18 U.S.C. § 922(g)(1) exceeds Congress's Commerce Clause power, has also been rejected. *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996). For the above-stated reasons, we affirm Stewart's conviction and 92-month sentence.

**AFFIRMED**.