[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10743
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00015-LGW-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUPREE WOODARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 10, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Dupree Woodard appeals his 112-month sentence, imposed after pleading

guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C.

§ 922(g)(1). On appeal, Woodard argues that the district court improperly applied a four-level increase under U.S.S.G. § 2K2.1(b)(6) for his possession of a firearm in connection with another felony offense because the state charge for aggravated assault that triggered the enhancement was dismissed.

We review a district court's application and interpretation of the guidelines *de novo*, and its factual findings for clear error. *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002). The district court's determination that the defendant used a firearm "in connection with" another felony offense is reviewed for clear error. *United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995) (involving the substantively identical U.S.S.G. § 2K2.1(b)(5) (1994)). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (internal quotations omitted).

Under the Sentencing Guidelines, a four-level increase is applied if a felon possesses a firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). "In connection with" is defined by the guidelines to mean the firearm "facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1, comment. (n.14(A)). "Another felony offense" is "any federal,

state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.*, comment. (n.14(C)).

In Georgia, an assault occurs when a person either "(1) [a]ttempts to commit a violent injury to the person of another; or (2) [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." O.C.G.A. § 16-5-20(a) (2010). Aggravated assault occurs when a person assaults "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." O.C.G.A. § 16-5-21(a)(2) (2010). The minimum penalty for this felony offense is one year. *Id.* § 16-5-21(b).

Upon review of the record and consideration of the parties' briefs, we affirm as the district court did not clearly err in finding that Woodard possessed a firearm "in connection with" another felony offense. Because Woodard did not object to the PSI's narration of Woodard displaying a gun to Hill and yelling threatening statements at another person, the district court did not clearly err in finding that those facts constitute aggravated assault under Georgia law. Therefore, the district court properly applied the § 2K2.1(b)(6) enhancement. Accordingly, we affirm the sentence.

**AFFIRMED.**