[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 16, 2010
JOHN LEY
CLERK

No. 10-10238
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00190-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GONZALO OROZLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 16, 2010)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Gonzalo Orozlo appeals his sentence of 41 months of imprisonment, which

was imposed after he pleaded guilty to being an illegal alien in possession of a

firearm.  18 U.S.C. § 922(g)(5).  Orozlo argues that the district court clearly erred in enhancing his offense level for possessing a firearm in connection with another felony offense.  Orozlo also argues that his sentence at the high end of the guideline range is procedurally and substantively unreasonable.  We affirm.

A few different standards of review govern this appeal.  We review interpretations of the Sentencing Guidelines de novo and findings of fact for clear error.  United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002).  A finding that a defendant used a firearm in connection with another felony offense is a factual finding that we review for clear error.  United States v. Whitfield, 50 F.3d 947, 949 (11th Cir. 1995).  "For a factual finding to be clearly erroneous, [we], after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed."  United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (internal quotation marks omitted).  We review the reasonableness of a sentence under a deferential standard of review for abuse of discretion.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  The party challenging the sentence has the burden of establishing that the sentence is unreasonable.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."  Id.

2

Orozlo's argument that the district court erred in enhancing his sentence for his possession of a firearm in connection with another felony fails. The Sentencing Guidelines require a four-level increase to the base offense level for an offense of unlawful possession of a firearm, 18 U.S.C. § 922(g), if "the defendant used or possessed any firearm in connection with another felony offense" or possessed a firearm with "reason to believe that it would be used or possessed in connection with another felony offense," U.S.S.G. § 2K2.1(b)(6). The guideline for attempt, solicitation, and conspiracy, id. § 2X1.1, is applied if "the defendant used or possessed any firearm in connection with another felony offense" and if "the resulting offense level is greater than that determined" under section 2K2.1. Id. § 2K2.1(c)(1)(A). Under section 2X1.1, the base offense level is determined by the guideline applicable to the substantive offense and any enhancements "established with reasonable certainty." Id. § 2X1.1(a). The guideline for robbery offenses, id. § 2B3.1, provides a base offense level of 20 and a three-level enhancement if "a dangerous weapon was brandished or possessed." Id. §§ 2B3.1(a), (b)(2)(E). The phrase "another felony offense" is defined to include state offenses, and the phrase "another offense" is defined as "any Federal, state, or local offense" other than the underlying offense. Id. § 2K2.1, cmt. n.14(C).

3

Under Florida law, robbery is the "taking of money or other property which may be the subject of larceny from the person or custody of another" with the intent to "deprive the person or owner of the money or other property" by "use of force, violence, assault, or putting in fear." Fla. Stat. Ann. § 812.13 (West 1992).

The district court did not clearly err in finding that Orozlo possessed a firearm in connection with an attempted robbery. That finding is supported by the testimony at the sentencing hearing, which established that Orozlo was armed and intended to commit a robbery in his work as a debt collector for the Mexican Mafia. After our review of the record, we are not left with a firm conviction that the district court committed a mistake.

Orozlo's sentence is also procedurally and substantively reasonable. The district court correctly calculated Orozlo's guideline range, treated the guidelines as advisory, and adequately explained its consideration of the relevant sentencing factors. Orozlo's sentence at the high end of the guideline range also is substantively reasonable.

**AFFIRMED.**