[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10982
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2012
JOHN LEY
CLERK

Docket No. 2:10-cr-00186-KD-M-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL JOHNSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 13, 2012)

Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.


PER CURIAM:

Darryl Maurice Johnson appeals his 30-month sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). On appeal, Johnson challenges the four-level enhancement he received, pursuant to U.S.S.G. § 2K2.1(b)(6), based on the district court's determination that his firearm was used in connection with another felony offense -- possession of crack cocaine. No reversible error has been shown; we affirm.

We review questions of law de novo and a district court's factual determinations for clear error. United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004). To conclude that a factual finding is clearly erroneous, we "must be left with a definite and firm conviction that a mistake has been committed." Id.

Under section 2K2.1(b)(6), a defendant convicted of a firearm possession offense may receive a four-level enhancement if he "used or possessed any firearm or ammunition in connection with another felony offense."[1] U.S.S.G. § 2K2.1(b)(6). And "the government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement." United States v. Kinard, 472 F.3d 1294, 1298 (11th Cir. 2006).

---

[1]That possession of crack cocaine qualifies as "another felony offense" within the meaning of section 2K2.1(b)(6) is undisputed.

Johnson first argues that the district court erred in concluding that he knowingly possessed the crack cocaine that was discovered in his truck. Knowing possession may be demonstrated by evidence of either actual or constructive possession. United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004). "[T]o establish constructive possession, the government must produce evidence showing ownership, dominion or control over the contraband itself . . . or the vehicle in which contraband is concealed." Id. Such evidence may be either direct or circumstantial. Id.

We see no clear error in the district court's determination that Johnson had constructive possession of the crack cocaine. Although the drugs were discovered on the passenger side of the truck, Johnson does not dispute that he owned the truck and that he was driving the truck when the drugs were discovered. Thus, he had the requisite ownership, dominion, and control over the drugs to establish constructive possession. See id. Moreover, a government witness testified that -- just hours before the drugs were discovered -- a confidential informant told the police that Johnson was in possession of drugs.[2] Based on this record, the district

---

[2]We reject Johnson's argument that the district court erred in relying on this hearsay testimony. A sentencing court is entitled to consider all information -- including hearsay -- in determining whether a sentencing enhancement applies if "the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has the opportunity to rebut the evidence." United States v. Ghertler, 605 F.3d 1256, 1269 (11th Cir. 2010). To successfully challenge his sentence based on unreliable hearsay, Johnson must show, among other things, "that

3

court could conclude by a preponderance of the evidence that Johnson knowingly possessed the crack cocaine.

We next address Johnson's second argument that -- even if he knowingly possessed the crack cocaine -- nothing evidenced that he possessed the gun "in connection with" his felony possession of crack cocaine. We review the district court's determination that the defendant used a gun "in connection with" another felony offense for clear error. United States v. Whitfield, 50 F.3d 947, 949 & n.8 (11th Cir. 1995).

For purposes of a section 2K2.1(b)(6) enhancement, "in connection with" means that the gun "facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1, comment. (n.14(A)). And we afford an "expansive interpretation" to that term. See United States v. Rhind, 289 F.3d 690, 695 (11th Cir. 2002) (analyzing the former section 2K2.1(b)(5) enhancement for possession of a firearm in connection with another felony offense).

We are unconvinced that the district court clearly erred in determining that Johnson's possession of the gun had the potential to facilitate a drug offense. The

the challenged evidence is materially false or unreliable." See id. Because the confidential informant's statement to police was corroborated by the physical evidence, Johnson has failed to demonstrate that the statement was materially false or unreliable. And although the district court failed to make explicit findings about the credibility of the statement, it did so implicitly. Thus, we see no reversible error. See United States v. Gordon, 231 F.3d 750, 761 (11th Cir. 2000) (stating that the district court's failure to make findings about the reliability of a hearsay statement does not require reversal where the statement's reliability is clear from the record).

gun was discovered in the truck's glove box, in close proximity to the crack cocaine. The government also produced testimony of a special agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives that drug users often carry guns to protect themselves while buying drugs. Based on the evidence, it was reasonable for the district court to conclude that Johnson's gun had the potential to facilitate both his acquisition of and his continued possession of the crack cocaine.

AFFIRMED.