[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13791
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20742-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY CROCKETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 24, 2013)

Before WILSON, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

Tony Crockett appeals his 51-month sentence imposed following his guilty

plea to one count of possessing a firearm after being previously convicted of a

felony in violation of 18 U.S.C. § 922(g)(1).  The district court applied a four-level enhancement pursuant to Sentencing Guideline § 2K2.1(b)(6)(B).  Crockett challenges the application of that enhancement.  After careful review, we affirm.

Crockett sold two firearms and around three grams of cocaine to an undercover officer.  He was arrested and pleaded guilty to being a felon in possession of a firearm.  At sentencing, the district court applied the § 2K2.1(b)(6)(B) four-level enhancement over Crockett's objection, finding that Crockett possessed a firearm "in connection with" another felony offense—his sale of cocaine.  On appeal, Crockett argues that his possession of firearms was not in connection with his sale of cocaine because he sold both in the same transaction; the firearms were simply part of the consideration the buyer would receive.

We review the district court's interpretation and application of the sentencing guidelines de novo.  *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002).  Whether a firearm was used "in connection with" a felony offense is a factual finding that we review for clear error.  *United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995).

Guideline § 2K2.1(b)(6)(B) calls for a four-level enhancement when the defendant "possessed any firearm . . . in connection with another felony offense."  U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B).  The question here is

2

whether Crockett's sale of firearms and drugs together constitutes the possession of a firearm "in connection with" a felony offense—the sale of cocaine.

The phrase "in connection with" is not defined in the Guidelines. However, the commentary to § 2K2.1 explains what "in connection with" means. Application Note 14(A) says that the application of the enhancement is warranted if the firearm "facilitated, or had the potential of facilitating, another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.14(A). The commentary to the Guidelines is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993). Crockett does not contend that the commentary to § 2K2.1 violates the Constitution, violates a federal statute, or is inconsistent with the guideline. We therefore give the commentary authoritative weight.

Here, we cannot say that the district court clearly erred in concluding that Crockett's possession of the firearms was "in connection with" his sale of cocaine. The district court found that the possession of "the firearms had the potential of facilitating . . . the possession with intent to distribute" cocaine. (R.4 at 19.) Moreover, the firearms were in close proximity to the drugs. *See* U.S. Sentencing Guidelines Manual § 2K1.2 cmt. n.14(B) (noting that the application of the

3

enhancement is warranted in a drug trafficking offense case when the firearm is found in "close proximity" to the drugs).  Finally, we note that the fact that the firearms were not used to embolden or protect Crockett while selling the cocaine does not change our conclusion.  We have never held that the application of the § 2K2.1(b)(6)(B) enhancement is appropriate only when a defendant uses a firearm to embolden or protect himself.  As long as the firearms facilitated, or had the potential of facilitating, another felony offense, application of the enhancement is not improper.  In this case, the district court did not clearly err in finding that Crockett possessed the firearms in connection with the sale of cocaine.  Thus, the court did not err in applying the four-level enhancement of § 2K2.1(b)(6)(B).

AFFIRMED.