[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13165
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00443-WKW-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT GLENN SMITHSON, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(April 6, 2018)

Before WILSON, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Robert Glenn Smithson, II pleaded guilty to possessing a stolen firearm, in violation of 18 U.S.C. § 922(j).  On appeal, he challenges the district court's imposition of a sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense.  He also argues that his sentence is substantively unreasonable.  We affirm.

## I

On October 30, 2015, the Bureau of Alcohol, Tobacco, Firearms, and Explosives was notified of a convicted felon attempting to sell a firearm to Lock-N-Load, a federal firearms licensee in Enterprise, Alabama.  ATF Agent Neill Thompson investigated the incident and determined that Smithson had attempted to pawn a Smith & Wesson .357 caliber revolver, telling an employee of the store that he was a convicted felon and had inherited the gun after his father died.  The employee did not pawn the weapon.  That same day, Smithson also unsuccessfully attempted to pawn the gun at a Super Pawn store.

A couple of weeks later, on November 12, 2015, the managing owner of Pawn Express, Incorporated contacted Agent Thompson and told her that Smithson was in the store attempting to sell a firearm (not, as it turns out, the Smith & Wesson .357—a different one).  Agent Thompson arrived at the store while Smithson was still there and observed him holding a canvas bag with a semiautomatic pistol protruding from it.  Agent Thompson approached Smithson

2

and took possession of the weapon. Smithson eventually admitted that he was a convicted felon and was not allowed to have firearms. He initially said that his father had died and left him the gun, but it was later revealed that Smithson's father was not dead and that Smithson had stolen the gun from his father.

Agent Thompson and Smithson then went to Smithson's parents' home. While there, Smithson gave Agent Thompson a pawn ticket from the Super Pawn Center. Agent Thompson went to the Super Pawn Center and presented the ticket to the assistant manager, who provided Agent Thompson with a copy of the ticket and a firearm that had been pawned by David Earl Wilkinson. The firearm was the same Smith & Wesson .357 revolver that Smithson had tried to pawn at the Lock-N-Load on October 30. Smithson told Agent Thompson that he provided Wilkinson with the firearm to pawn because he was unable to do so himself.

After Smithson pleaded guilty, a presentence investigation report was prepared. The PSI calculated a base offense level of 14 under U.S.S.G. § 2K2.1(a)(6). Smithson received a two-level increase because the offense involved a stolen firearm. *See* U.S.S.G. § 2K2.1(b)(4). He also received a four-level increase for possessing a firearm in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). Specifically, the PSI stated that Smithson had "attempted to pawn, or instructed a third party to pawn, the stolen firearm(s) while providing materially false information to the buyer." Smithson received a three-

level decrease because he accepted responsibility for the crime and timely notified the government of his intention to plead guilty. *See* U.S.S.G. § 3E1.1(a) & (b). His resulting total offense level was 17. His criminal history category was determined to be V. This resulted in a sentencing range of 46 to 57 months.

At sentencing, Smithson objected to the four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony. The district court overruled his objection, concluding that Smithson had possessed the firearm in connection with a violation of Alabama Code § 13A-11-58.1(c), which makes it a felony to provide a seller of firearms with materially false information with the intent to deceive the seller about the legality of the transaction. The court imposed a sentence of 46 months imprisonment and stated that the sentence was reasonable under 18 U.S.C. § 3553 and no greater than necessary to comply with the statutory purposes of sentencing. This is Smithson's appeal of that sentence.

**II**

Smithson first argues that the district court erred by imposing the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because the government did not prove that his possession of a firearm occurred in connection with providing false information to a licensed firearms dealer. We review the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts *de novo*. *See United States v. Kinard*, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006). A

district court's finding that a defendant possessed a firearm in connection with another felony is reviewed for clear error. *See United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995).

A four-level enhancement is appropriate under U.S.S.G. § 2K2.1(b)(6)(B) if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." The guidelines define "another felony offense" as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B), comment. (n.14(C)). Here, the enhancement was based on a violation of Alabama Code § 13A-11-58.1(c), which provides:

> A person who provides to a licensed dealer or private seller of firearms or ammunition what the person knows to be materially false information with intent to deceive the dealer or seller about the legality of the transfer of a firearm or ammunition is guilty of a Class C felony.

"Materially false information" is defined as "[i]nformation that portrays an illegal transaction as legal or a legal transaction as illegal." *Id.* § 13A-11-58.1(a)(3).

In overruling Smithson's objection to the enhancement, the district court found that a person who walks into a pawn shop to pawn something is "representing that [he] own[s] it and ha[s] a right to pawn it." The court also found that Smithson had admitted that he "provided Wilkinson with the firearm to pawn"

5

because he was "unable to do so" himself.  The court further found that Smithson

"knew he was unable to" pawn the gun and that he "had the intent to pawn [it] to

get money so that he could buy drugs."  Based on those facts, the court concluded

that "there is sufficient information of a materially false statement that portrays an

illegal transaction as legal."  The court found that at the very least, Smithson

"participated in [the felony] by handing the weapon to David Earl Wilkinson to

induce him to pawn the weapon …."

On appeal, Smithson argues that the district court clearly erred in finding

that he possessed the gun in connection with another felony because there is no

evidence of what statements Wilkinson made at the Super Pawn Center.  We reject

that argument.  It is undisputed that Smithson gave the Smith & Wesson .357 to

Wilkinson to pawn because he could not pawn it himself.  It is also undisputed that

Wilkinson did, in fact, pawn the gun at the Super Pawn Center.  In light of those

undisputed facts, the district court reasonably inferred that Wilkinson, at the behest

of Smithson, provided materially false information by representing that he was the

rightful owner of the stolen gun in order to pawn it.[1]

Smithson also argues that "there is no evidence in the record concerning the

reputability of the 'Super Pawn Center,' and whether this establishment even

---

[1] It does not matter that it was Wilkinson, rather than Smithson, who provided the false information.  Under the guidelines, the base offense level and specific offense characteristics are to be determined based on "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."  U.S.S.G. § 1B1.3(a)(1)(A).

qualified as 'a licensed dealer or private seller of firearms or ammunition,' as required by Ala. Code § 13A-11-58.1." Br. of Appellant at 20.  We reject that assertion, as well.  A "licensed dealer" is defined as "[a] person who is licensed pursuant to 18 U.S.C. § 923 or Section 13A-11-79, to engage in the business of dealing in firearms."  Given that the Super Pawn Center traded in firearms and that Agent Thompson visited the store and spoke with its employees about a weapon that was pawned, it was reasonable for the district court to infer that the Super Pawn Center is a licensed dealer.  We therefore conclude that the district court did not clearly err in finding that Smithson possessed a firearm in connection with another felony offense.

### III

Smithson also asserts that his 46-month sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing purposes of 18 U.S.C. § 3553(a).  We review the substantive reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A district court abuses its discretion when it fails to consider relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2008).

7

Smithson argues that the district court "relied almost exclusively on [his] history of drug addiction, without affording any meaningful consideration of the remaining § 3553(a) factors."  Br. of Appellant at 24.  We disagree.  In imposing the sentence, the district court explained that it had considered the Section 3553(a) factors, including "the nature and circumstances of [the] offense, [Smithson's] criminal history and characteristics, the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  The court specifically acknowledged Smithson's previous attempts at drug rehabilitation, and noted that he had already received nine suspended sentences related to past drug possession convictions.  The court also "considered the need to afford deterrence to criminal conduct and to protect the public from further crimes by [Smithson], especially … driving while intoxicated or under the influence of illegal drugs."  The court noted that Smithson had a history of "driving vehicles while [he was] stoned" and found that he is "a danger to [himself] and to others."  The court further considered the need to provide Smithson with correctional treatment and to avoid unwarranted sentencing disparities.

In light of that record, Smithson has not shown that the district court failed to consider relevant factors, gave significant weight to an improper factor, or made a clear error of judgment in weighing the factors.  Moreover, we "ordinarily expect a sentence within the Guidelines range to be reasonable," *see United States v.*

*Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (alterations omitted), and Smithson's 46-month sentence was at the low end of his guidelines range of 46 to 57 months. The sentence also was well below the statutory maximum penalty of 10 years, *see* 18 U.S.C. § 924(a)(2), which is another indicator of its reasonableness. *See United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). We therefore hold that Smithson's sentence was substantively reasonable.

## IV

For the reasons explained above, we **AFFIRM** Smithson's sentence.