[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12526
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00192-PGB-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAKA M. SMITH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Shaka Smith appeals his conviction and sentence after a jury found him

guilty of being a felon in possession of a firearm or ammunition, 18 U.S.C.

§§ 922(g) and 924(a)(2). Smith argues that the district court abused its discretion by admitting at trial evidence of uncharged controlled substances found with the firearm in a backpack that he possessed. Smith also argues that the district court erred in enhancing his sentence for possessing the firearm in connection with another felony offense, U.S.S.G. § 2K2.1(b)(6)(B), based on the quantity of drugs found near the firearm and his possession of them. We affirm.

We review evidentiary rulings for abuse of discretion. *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005), *abrogated on other grounds by Davis v. Washington*, 547 U.S. 813, 821 (2006). We review the interpretation of the Sentencing Guidelines *de novo* and related factual findings for clear error. *United States v. Smith*, 480 F.3d 1277, 1278 (11th Cir. 2007). Whether a firearm was used "in connection with" a felony offense is a factual issue reviewed for clear error. *United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995).

The district court did not abuse its discretion by admitting evidence of the crack cocaine and methamphetamine found in Smith's backpack alongside the firearm. The controlled-substance evidence formed an integral part of the witnesses' accounts of the circumstances surrounding Smith's charged offense. Deputy Paul Bennett witnessed Smith remove the backpack from a car and carry it with him as he ran from police. After Deputy Bennett lost sight of him, Smith tossed the backpack. Among the items recovered from the backpack were a

2

firearm, crack cocaine, methamphetamine, an inhaler, a paint-ball mask, a vaporizer, and a notebook. After his arrest, Smith asked for his inhaler. The presence of the firearm and controlled substances in the backpack with the inhaler evidenced Smith's knowing possession of the firearm.

The district court also did not err in concluding that the evidence of the controlled substances was admissible under Federal Rule of Evidence 404(b) to prove Smith's intent and lack of mistake in his possession of the firearm. *See* Fed. R. Evid. 404(b). Because the probative value of the evidence to prove his intent to possess the firearm was not substantially outweighed by the danger of unfair prejudice, the district court did not abuse its discretion by refusing to exclude it. *See* Fed. R. Evid. 403. And the district court limited any prejudicial effect by instructing the jury that it could consider the evidence only to determine whether Smith had the intent to commit the offense charged in the indictment.

The district court also did not err in enhancing Smith's sentence four levels under section 2K2.1(b)(6)(B) of the Sentencing Guidelines. That enhancement applies where the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Application note 14 to section 2K2.1 states that subsection (b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating," "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense,

punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* § 2K2.1, cmt n.14(A), (C). And "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug manufacturing materials, or drug paraphernalia," the application of subsection (b)(6)(B) "is warranted because the presence of the firearm has the potential of facilitating another felony offense." *Id.* § 2K2.1, cmt n.14(B). We have explained that "[a] firearm found in close proximity to drugs or drug-related items simply *has*—without any requirement for additional evidence— the potential to facilitate the drug offense." *United States v. Carillo-Ayala*, 713 F. 3d 82, 92 (11th Cir. 2013) (emphasis in original) (quotation marks omitted). The district court did not clearly err in finding that Smith was involved in drug-trafficking. The district court credited testimony that the quantity of drugs found in the backpack was consistent with trafficking and that the backpack contained no drug paraphernalia consistent with personal use. Because the firearm was found in close proximity to the drugs, it had the potential of facilitating a drug trafficking offense.

**AFFIRMED.**