[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10312
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00592-SDM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMONT GUINYARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 12, 2021)

Before MARTIN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Lamont Guinyard appeals his conviction and sentence for possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Guinyard appeals

on two grounds: (1) he argues that the district court clearly erred in applying a four-level enhancement for possession of a firearm in connection with another felony offense, and (2) he argues that his conviction should be vacated because Section 922(g) is unconstitutional. After careful review, we conclude that these challenges are without merit. Accordingly, we affirm.

## I.

One afternoon, a 911 caller reported that someone had just shot into her home. Within two minutes of the call, a nearby officer identified Guinyard's vehicle from the call and pulled him over a short distance from the home. During the traffic stop, an eyewitness to the shooting approached the officer and stated that he or she saw gunfire come from Guinyard's car.

The officer searched Guinyard's car and found a locked safe on the rear passenger floor. The officer found the key to the safe on a key ring belonging to Guinyard. Officers opened the lock box and found a Colt .357 magnum revolver containing four rounds of Federal ammunition and two spent shells. A jurisdictional nexus expert determined that the Colt revolver had been made in Connecticut, and the Federal ammunition had been made in Minnesota, Idaho, or Connecticut. Guinyard knew that he was a convicted felon at the time he was found in possession of the firearm. The officers Mirandized Guinyard, and he admitted that he had been in a recent verbal altercation with a resident of the home that had been shot. Police

2

later found a spent 9mm shell casing in the front yard of the home, about ten feet away from the bullet entry hole. No other gunshot holes were found in the home.

A federal grand jury indicted Guinyard with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Guinyard pleaded guilty, without a plea agreement.

Applying the 2018 Guidelines Manual, the probation officer assessed a base offense level of 14 under U.S.S.G. § 2K2.1(a)(6)(A) because Guinyard possessed a firearm and ammunition and had previously been convicted of a felony offense. After considering the appropriate adjustments, the probation officer determined that Guinyard's total offense level was 13, and his criminal history category was V. Guinyard's resulting guideline range was 30 to 37 months' imprisonment. The government objected to the PSR and requested the addition of the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

At sentencing, the government asserted that Guinyard used the .357 magnum to fire into an occupied dwelling, so his illegally possessed firearm was used "in connection with" another felony offense. The owner of the damaged home testified that she called 911 and mentioned Guinyard by name. The homeowner further testified that she had heard two gunshots. She also explained that her older son had an ongoing feud with Guinyard, and that her son and Guinyard had been in a verbal altercation shortly before the shooting occurred. The eyewitness to the shooting

testified that she had seen Guinyard's car outside of the home when the shooting occurred, and that Guinyard was the only other person in the area. After hearing from these witnesses, Guinyard argued that the "evidence does not present a clear picture" of who shot at the house, and that the evidence was susceptible to more than one explanation. In asserting an alternative theory, Guinyard heavily focused on the location of the 9mm casing relative to the trajectory of the bullet hole in the side of the house.

The district court expressly stated that the homeowner and eyewitness appeared credible. The court agreed that the relevance of the 9mm casing was uncertain and discounted it. The court concluded, however, that given the affirmative testimony and tangible evidence, Guinyard's identity as the shooter was established by a "comfortable preponderance." Accordingly, the district court added the four-level enhancement for use of a firearm in connection with another felony.

Guinyard timely appealed.

## II.

### A.    The District Court's Application of U.S.S.G. § 2K2.1(b)(6)(B)

Guinyard first challenges the application of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement for illegal possession of a firearm "in connection with another felony offense." We review for clear error a district court's finding that a defendant possessed a firearm "in connection with" another felony offense. *See United States*

*v. Whitfield*, 50 F.3d 947, 947 & n.8 (11th Cir. 1995). Under clear error review, we will not disturb a district court's factual findings unless we are left with a "definite and firm conviction that a mistake has been committed." *United States v. Almedine*, 686 F.3d 1312, 1315 (11th Cir. 2012). Where a fact pattern gives rise to two different, reasonable constructions, "the factfinder's choice between them cannot be clearly erroneous." *United States v. Izquierdo,* 448 F.3d 1269, 1278 (11th Cir. 2006) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)).

For purposes of a sentence enhancement, the government bears the burden of proving disputed facts by a preponderance of the evidence. *See United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). "The preponderance of evidence is a relaxed evidentiary standard[;] however, it does not grant the court a license to sentence a defendant in the absence of sufficient evidence when that defendant has properly objected to a factual conclusion." *United States v. Agis–Meza,* 99 F.3d 1052, 1055 (11th Cir. 1996). Additionally, we defer to the decision of the fact finder as to the credibility of a witness. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

Guinyard argues that the district court clearly erred in finding that he shot the firearm into the home and so used the firearm in connection with another felony offense. We disagree. An eyewitness testified that she was in or near her car about 200 feet away from Guinyard's car when she heard gunfire. She stated that there

5

were no other people or cars that the gunshot could have come from. Thomas, the owner of the home that had been shot, testified that she called 911 when her home was hit by a bullet and mentioned Guinyard during the call. She further testified about the known feud between Guinyard and her son. The district court found these witnesses to be credible. In addition, their testimony was supported by other evidence, including that Guinyard's gun was found with two spent casings, which was consistent with Thomas' testimony that two shots had been fired. When the district court's view of the evidence is reasonable, there is no clear error. *Izquierdo,* 448 F.3d at 1278.

For these reasons, we affirm the district court's application of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement.

### B.     Constitutionality of Section 922(g)

Guinyard argues that his conviction should be vacated because 18 U.S.C. § 922(g) is unconstitutional as it exceeds Congress's authority under the Commerce Clause. "Under our prior precedent rule, a panel cannot overrule a prior one's holding," even if the current panel were convinced that the previous panel's decision is wrong. *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc). "[O]nly the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." *Id.* at 1318) (quoting *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997).

Guinyard concedes that his argument is foreclosed by this Court's precedents that have repeatedly rejected facial and as-applied challenges to Section 922(g). *See, e.g.*, *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017); *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011) ("The jurisdictional requirement is satisfied when the firearm in question has a "minimal nexus" to interstate commerce," even if a defendant only possessed the firearm in a single state.); *United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001); *United States v. McCallister*, 77 F.3d 387, 391 (11th Cir. 1996) ("We hold that § 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause[.]"). Additionally, the government provided evidence to prove the firearm was possessed in Florida but was manufactured in Connecticut, thereby establishing the "minimal nexus" to interstate commerce. *See Jordan*, 653 F.3d at 1189. We therefore find no merit to Guinyard's argument that Section 922(g) is unconstitutional, either facially or as applied to Guinyard here.

## III.

For the above reasons, we **AFFIRM** Guinyard's conviction and sentence.